IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROSIE AND DANNY BARNES, et al.                                                    PLAINTIFFS

VS.                                                          CIVIL ACTION NO. 2:03-cv-343-KS-JMR

VISTAR INSURANCE SERVICES, INC., et al.
                                                                                                    DEFENDANTS

<u>ORDER</u>

  THIS MATTER having come before the court on motion of Defendants Foremost Insurance Company Grand Rapids Michigan and Foremost Signature Insurance Company ("Foremost") seeking modification of the court's September 29, 2005 remand order, the court, having reviewed the motion, the response, and applicable law, and being thus fully advised in the premises, FINDS that the motion should be denied. The court finds more specifically as follows:

  On September 29, 2005, this court entered its order granting the plaintiffs' Motion to Remand. By the instant motion, Foremost contends that because the plaintiffs committed "egregious misjoinder" of their claims, remand of the entire case is improper. Foremost would have the court modify the September 29 order to sever the claims of the plaintiffs held entitled to remand and retain jurisdiction over the remainder. Because it was filed within ten days of rendition of this court's judgment, Foremost's motion although denominated a Motion to Modify constitutes a motion to alter or amend judgment and falls under Federal Rule of Civil Procedure 59(e). *See Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), overruled on other grounds, *Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir. 1994). The Fifth Circuit has instructed that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and that a rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. Hydrochem, Inc.,* 367 F.3d 473,

479 (5th Cir. 2004). Under the circumstances of this case, the court finds no basis under rule 59(e) for altering its judgment as requested by Foremost. *See id.* at 479-80 (finding no abuse of discretion in denial of rule 59(e) motion).

Foremost offers *Tapscott v. MS Dealer Service Corp.*[1] by way of *Benjamin Moore I* and *II* [2] as supportive authority for pre-remand severance in this case. Pointing to the Mississippi Supreme Court's recent "correct[ion]" of "any prior over-liberalization of joinder" under "state court Rule 20"[3] Foremost urges that "misjoinder of plaintiffs' claims cannot defeat federal jurisdiction."[4] According to *Tapscott*, "egregious" misjoinder is the standard: "We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360.

Under the *Tapscott* rubric, this court "would only be able to accept jurisdiction based on the misjoinder of ...plaintiffs...if such misjoinder were 'egregious.' It is thus apparent that, for *Tapscott* to be applicable, this court would be required to find a level of misjoinder that was not only improper, but grossly improper." *Walton v. Tower Loan of Mississippi,* 338 F. Supp. 2d 691, 695 (N.D. Miss. 2004). In *Jamison v. Purdue Pharma Co.,* the court looked to the conclusion reached in *Conk v. Richards & O'Neil, L.L.P.*[5]–Tapscott notwithstanding–that "the proper standard is whether '[t]here is a reasonable possibility that an Indiana court would find that Conk's claims against all defendants

---

[1] 77 F.3d 1353 (11th Cir. 1996).

[2] 309 F.3d 296 (5th Cir. 2002); 318 F.3d 626 (5th Cir. 2002).

[3] Motion to Modify [#106] at 5.

[4] Motion to Modify [#106] at 4.

[5] 77 F. Supp. 2d 956 (S.D. Ind. 1999).

are all logically related'" [6] and found it persuasive:

> The approach suggested by *Conk*...allows severance of claims only when those claims were improperly joined under state law at the action's inception. This approach shares the same conceptual rationale underlying the doctrine of fraudulent joinder. In both instances, the court, in examining its own jurisdiction, attempts to identify an infirmity in the plaintiff's complaint, *under the law of the state in which it was originally brought.* For fraudulent joinder, this infirmity is the failure to state a viable cause of action against a non-diverse defendant; for fraudulent misjoinder, the infirmity is the failure to comply with the state rules of joinder.

*Jamison,* 251 F. Supp. 2d at n.6; *see also Sweeney v. The Sherwin Williams Co.,* 304 F. Supp. 2d 868, 873-75 (S.D. Miss. 2004) (quoting extensively from *Jamison* and agreeing with its reasoning). This court is likewise persuaded that for misjoinder egregious enough to withstand a challenge to its jurisdiction, the plaintiffs must have failed to comply with the joinder requirements of Mississippi Rule of Civil Procedure 20 at the time they filed this action in state court in September of 2002.

While it is certainly true that the Mississippi Supreme Court has now "abrogated liberal application of state court Rule 20" even in "consumer fraud" cases[7] the same cannot be said with respect to requirements for joinder under that rule in 2002. In point of fact, in *MS Life Insurance Co. v. Baker,* cited by Foremost to support its improper joinder theory,[8] the supreme court itself distinguished its earlier approach to joinder from its more recent approach:

> In *American Bankers Insurance Co. v. Alexander,* 818 So. 2d 1073, 1075 (Miss. 2001), ... [c]iting, for the first time in a Mississippi case, the now-stricken language of Rule 20(a) indicating that we 'allow virtually unlimited joinder at the pleading stage,' the majority held that allowing joinder for the 1371 plaintiffs was not an abuse of discretion.

---

[6] *Jamison v. Purdue Pharma Co.,* 251 F. Supp. 2d 1315, 1321 & n.5 (S.D. Miss. 2003) (quoting *Conk*, 77 F. Supp. 2d at 972).

[7] Motion to Modify [#106] at 5 & n.2.

[8] Motion to Modify [#106] at 7.

> . . . .
> However, our jurisprudence took on a decidedly more temperate approach to the issue of joinder when we handed down *Janssen Pharmaceutica, Inc. v. Armond,* 866 So. 2d 1092 (Miss. 2004), the same month the amendment to Rule 20(a) was announced.

*Baker,* 905 So. 2d 1179, 1183-84 (¶¶ 10, 12) (Miss. 2005).[9]

Given that in 2002 when this action was filed, Mississippi's rule 20(a) and the decisions of its highest court allowed virtually unlimited joinder, "it would...be difficult for this court to conclude that the joinders in this case were improper, much less egregiously so, under the liberal version of Miss. R. Civ. P. Rule 20 which applied at the time the...complaint was filed in this case." *Walton,* 338 F. Supp. 2d at 696; *see also Jackson v. Truly,* 307 F. Supp. 2d 818 (N.D. Miss. 2004).[10] Accordingly, this court cannot exercise jurisdiction over this case based on Foremost's fraudulent misjoinder theory.

IT IS THEREFORE ORDERED AND ADJUDGED that Foremost's Motion to Modify Remand Order [#106] should be, and it is hereby, DENIED.

SO ORDERED AND ADJUDGED this the 29th day of June, 2006.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[9] The *Baker* court noted with respect to two cases decided in 2002 that they are "the only two Mississippi cases other than *American Bankers* which have used, among other authority, the now-stricken 'virtually unlimited' language of Rule 20(a) as a justification for allowing joinder." *Id.* at 1184 n. 4.

[10] "Under Mississippi's interpretation of Rule 20, the Court does not find the joinder of the parties to be so egregious as to constitute fraudulent misjoinder as contemplated by *Tapscott*. Additionally, regardless of whether or not the joinder of these parties passes muster under Mississippi's amended Rule 20, the Court fails to see how the joinder could have been fraudulent under a rule amended months after the case was filed." *Id.* at 824.